**J. I. CASE COMPANY, Inc., Appellant,**

v.

**CITY MOTOR COMPANY, Appellee.**

No. 13798.

Court of Civil Appeals of Texas.

San Antonio.

June 21, 1961.

Rehearing Denied July 19, 1961.

Turner, White, Atwood, McLane & Francis, Dallas, for appellant.

Schneider & Schneider, George West, for appellee.

MURRAY, Chief Justice.

This is a plea of privilege case. City Motor Company, a private corporation, sued J. I. Case Company, Inc., and R. C. Little, alleging that in January, 1958, it entered into a written contract with J. I. Case Company, Inc., hereinafter referred to as appellant, to become a dealer in Live Oak County, for appellant's farm machinery and implements, upon the representations that such were suitable to perform the work for which they were to be sold. City Motor Company, hereinafter referred to as appellee, pleaded that such machinery and implements would not perform the work, gave much trouble, and required a great deal of repair and new parts, and as a result of the unfitness of the machinery and

implements the parties, in August, 1959, agreed in effect to terminate the contract of dealership. Appellant agreed to accept the machinery and implements that appellee had on hand and to allow appellee the amount it had been charged for it, plus transportation charges and Federal tire taxes paid by appellee; and to accept all parts on hand and pay appellee the invoice price therefor, and also pay appellee for all labor and parts used in repairing the machinery and implements. Appellee further pleaded that all of the machinery, implements and parts, above referred to, were delivered to and accepted by appellant at appellee's place of business in Live Oak County, Texas, but appellee was never properly paid or credited for such machinery, implements, parts, transportation charges and tire taxes, to appellee's damage in various sums amounting to more than eight thousand dollars.

Appellant, J. I. Case Company, Inc., filed its plea of privilege to be sued in Dallas County, Texas, which was controverted by appellee, City Motor Company, and a nonsuit was taken as to R. C. Little. After hearing evidence, the trial court overruled the plea of privilege, and J. I. Case Company, Inc., has prosecuted this appeal. The evidence substantiates the allegations of the petition.

Appellant contends that the trial court erred in overruling its plea of privilege because appellee failed to prove either fraud or modification of the written contract creating and setting up the dealership. Appellant points out that the dealership contract contained the provision that:

"This instrument contains the entire agreement between the parties hereto and no Branch Manager or Assistant Branch Manager, territory supervisor, or any other person, unless authorized in writing by an officer of Company, has any authority to waive, modify or change any of its terms. This agreement shall be binding upon the Company only when executed by the Branch or Assistant Branch Manager

having charge of the territory in which Dealer is located."

and that no officer of the Company has ever authorized a waiver, modification or change of this written contract. Appellant further contends that under Section 25 of the contract, reading as follows:

"Dealer agrees that in the event any indebtedness of Dealer under this contract, whether book account or evidenced by note or in any form, shall not be paid when due, or Dealer shall part with possession of said goods, voluntarily, in a manner not authorized herein, or shall fail to comply with any of the terms hereof, then Company shall be entitled, at its option, to declare all indebtedness of Dealer to it immediately due and payable and shall be entitled to the immediate possession of all goods purchased under this contract remaining unsold and for which the Company has not received payment in full, and may, without notice and without process of law, take possession of and remove same. In crediting Dealer's account, goods repossessed shall be credited at the invoice price therefor, less depreciation, freight and other expenses.

"As to any goods so repossessed, Dealer further agrees that the Company may avail itself of all rights and remedies conferred by law."

appellant would have the power, if appellee was behind with its obligations to appellant, to declare all of the indebtedness due and take possession of all goods on hand in the manner provided. This is unquestionably true, but the evidence here does not show that appellant exercised its optional rights under Section 25 of the contract, but rather terminated the contract under the provisions of Section 36, which allow many of the credits contended for by appellee.

The pleading and evidence were sufficient to show that the cause of action sued upon arose in Live Oak County, and

under the provisions of Subdivision 23 of Art. 1995, Vernon's Ann.Civ.Stats., the trial court properly overruled appellant's plea of privilege.

Affirmed.